UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 DEC -1  PM 1: 24

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| VERMONT ALLIANCE FOR ETHICAL HEALTHCARE, INC., CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS, INC., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Case No. 5:16-cv-205 |
| WILLIAM K. HOSER, in his official capacity as Chair of the Vermont Board of Medical Practice, MICHAEL A. DREW, M.D., ALLEN EVANS, FAISAL GILL, ROBERT G. HAYWARD, M.D., PATRICIA HUNTER, DAVID A. JENKINS, RICHARD CLATTENBURG, M.D., LEO LECOURS, SARAH McCLAIN, CHRISTINE PAYNE, M.D., JOSHUA A. PLAVIN, M.D., HARVEY S. REICH, M.D., GARY BRENT BURGEE, M.D., MARGA S. SPROUL, M.D., RICHARD BERNSTEIN, M.D., DAVID LIEBOW, D.P.M., in their official capacities as Members of the Vermont Board of Medical Practice, JAMES C. CONDOS, in his official capacity as Secretary of the State of Vermont, and COLIN R. BENJAMIN, in his official capacity as Director of the Office of Professional Regulation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DECISION ON MOTION TO INTERVENE
### (Doc. 42)

This lawsuit is filed by physicians and other health providers who seek to enjoin the state,

including the Vermont Board of Medical Practice and the Office of Professional Regulation,

from taking any action against them arising from the provisions of Act 39 (18 V.S.A. §§ 5281–

5293), Vermont's informed consent statute (18 V.S.A. § 1909), and the Vermont Patients' Bill of

Rights (18 V.S.A. § 1871). Act 39 was enacted in 2013. It affords terminally ill Vermonters, who meet certain conditions and wish to end their lives, with access to medicine intended for that purpose. Plaintiffs allege that their religious beliefs do not permit them to counsel patients concerning their right to seek life-ending medication. They seek protection from professional disciplinary action (or civil or criminal proceedings) based upon charges that their refusal to treat or counsel patients who may qualify for physician assisted suicide violates the law. (*See* Doc. 1.)

Proposed intervenors include two Vermont residents who suffer from terminal illnesses and may seek to acquire life-ending medication. Two advocacy groups active on behalf of patients who may seek the option of ending their own lives also seek to intervene. The two individuals and two organizations seek to intervene as of right under Fed. R. Civ. P. 24(a)(2), or with permission under Fed. R. Civ. P. 24(b)(2). (Doc. 42.)

Defendants' motion to dismiss (Doc. 31) and Plaintiffs' motion for a preliminary injunction (Doc. 32) are pending before the court. Intervenors do not seek to delay the court's resolution of these two motions and seek intervention following court action on the pending motions.

The legal standard for intervention under Fed. R. Civ. P. 24 has two aspects. Intervention as of right is available to a party who "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest." Permissive intervention is available in the court's discretion for an party who "has a claim or defense that shares with the main action a common question of law or fact."

The court will not grant the intervenor's motion as of right. This is an exacting standard intended for parties who have a direct, substantial and legally protectable interest in the lawsuit.

2

*Diamond v. Charles*, 476 U.S. 54, 68 (1986).  With respect to the individual intervenors, it is not clear whether they have had any contact or received counseling or care from Plaintiffs' members. The entire question proceeds at a level of unreality.  Plaintiffs have not disclosed the identity of their members except through the declarations filed in support of the motion for preliminary injunction.

These declarations reveal that the president of Plaintiff Vermont Alliance for Ethical Healthcare, Inc. ("VAEH") is Professor Ed Mahoney of the Religious Studies Department at St. Michael's College.  (Doc. 32-9.)  He is unlikely to be consulted by the individual intervenors about issues related to their health care.  The declarations also reveal that David Stevens, M.D. serves as CEO of Plaintiff Christian Medical & Dental Associations, which is a national organization of Christian healthcare professionals, including "dozens of members in Vermont." (Doc. 32-10 at 2.)  Closer to home, Plaintiffs Brian Kilpatrick, M.D., Rachel DiSanto, M.D., and Lynne Caulfield, R.N. are Vermont physicians and, in Ms. Caulfield's case, a nurse who are members of VAEH and oppose physician-assisted suicide.  (Docs. 32-11, 32-12, 32-13.)

The court lists these parties to make it clear that at least on the present record, it is highly unlikely that members of the two Plaintiff organizations and the two individual intervenors will ever come into contact with one another.  Certainly the intervenors are on notice that these providers are not people who are open to a discussion of physician-assisted suicide.

In conditioning intervention as of right, Rule 24 requires a genuine connection between the parties which threatens to impair the moving parties' rights.  A concern in the abstract that some unidentified physician (or the three providers who have stepped forward through their declarations) might turn away an otherwise legally-permissible request for medical information is insufficient to meet this standard.  *See Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec.*

3

*Co.*, 922 F.2d 92, 96–97 (2d Cir. 1990) (an interest in the subject matter which is contingent upon a future event insufficient to support intervention as of right).

Turning to the issue of permissive intervention, the court grants the motion on that basis. The legal requirements are relaxed. A party need show only a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Four factors guide court in making a discretionary decision about permitting the intervention. These are timely filing; an interest in the action; a showing that the interest may be impaired by the court's disposition; and a showing that the interest is not protected adequately by the parties to the action. *See In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 & n.5 (2d Cir. 2003); *Corren v. Sorrell*, 151 F. Supp. 3d 479, 495 (D. Vt. 2015).

Since this lawsuit was recently filed (July 2016), the motion to intervene is timely. All intervenors have an interest in the action. As people potentially eligible for consideration under Act 39, both individual intervenors have strong personal reasons for resisting the type of silence or boycott which Plaintiffs seek to preserve for themselves on an issue of patient choice. The intervenors' claim that they are entitled to medical counseling is far from theoretical. It is as strongly felt and experienced as Plaintiffs' members' belief that such counseling would violate their religious convictions. Similarly, while it is difficult to measure the likelihood that the individual Defendants will encounter a member of Plaintiffs' organizations, it cannot be ruled out. Both Plaintiffs and intervenors have a genuine stake in the outcome of this particular controversy.

The interest of the two association intervenors is obvious. Like the two Plaintiffs, both organizations have strong interests in the ways in which Act 39 and related legislation are enforced in Vermont. Like Plaintiffs, the intervenor organizations appear to have considerable

4

experience in the field.  The court welcomes their advice and expertise in exactly the same manner that it welcomes the expertise of the two Plaintiff organizations.

The injunction sought by Plaintiffs has the potential to weaken the protection afforded by Act 39 to terminally ill patients.  All four intervenors have interests which could be impaired if Plaintiffs prevailed.

With respect to the issue of adequate protection, the state's interest in enforcing Act 39 is roughly congruent with the patients' and advocacy groups' interest.  But the court cannot rule out the possibility at the outset of the case that the intervenors and the state defendants may not agree on all aspects of the implementation and enforcement of Act 39.

The motion to intervene (Doc. 42) is GRANTED.

Dated at Rutland, in the District of Vermont, this 1st day of December, 2016.

Geoffrey W. Crawford, Judge
United States District Court